*Alam-Bhuyan v. Garland*
BIA
Wright, IJ
A206 025 881

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MD ANWARUL ALAM-BHUYAN,
> *Petitioner*,

v.                                                      20-3154

                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER**: Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Jaclyn G. Hagner, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **GRANTED** and the case is **REMANDED** to the BIA.

Petitioner MD Anwarul Alam-Bhuyan, a native and citizen of Bangladesh, seeks review of an August 31, 2020 decision of the BIA denying his motion to remand and affirming a May 29, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re MD Anwarul Alam-Bhuyan*, No. A206 025 881 (B.I.A. Aug. 31, 2020), *aff'g* No. A206 025 881 (Immigr. Ct. N.Y.C. May 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In his brief, Alam-Bhuyan challenges the IJ's adverse-credibility finding, which was the IJ's sole basis for denying his claims for relief. We defer to an IJ's

2

adverse-credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (internal quotation marks omitted). On review, we ask "whether the agency has provided 'specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding.'" *Id.* at 77 (quoting *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008)). An adverse-credibility determination may be based on, among other factors, inconsistencies between "the applicant's or witness's written and oral statements" and "other evidence of record," as well as "any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). The agency must consider an inconsistency "in light of the totality of the circumstances" and "discrepancies . . . must be weighed in light of their significance to the total context of [the petitioner's] claim of persecution." *Hong Fei Gao*, 891 F.3d at 79 (internal quotation marks omitted).

The IJ believed that there was a "significant discrepancy" between Alam-Bhuyan's testimony and a letter from the Bangladesh Nationalist Party (the "BNP") and relied on that asserted discrepancy to find Alam-Bhuyan not

3

credible. Certified Admin. Record at 67. At his hearing, Alam-Bhuyan testified that he was attacked twice by members of a rival political party – once on November 4, 2012, resulting in "two to three hours" of medical treatment at his family's pharmacy, *id.* at 110–12, and once on November 26, 2012, resulting in a three-day stay at a local hospital, *id.* at 113–14. The BNP's letter, meanwhile, stated that Alam-Bhuyan was "attacked . . . severely once." *Id.* at 490. Based on a belief that the BNP's letter contradicted Alam-Bhuyan's testimony that he was attacked on two occasions, the IJ refused to credit Alam-Bhuyan's account and denied his claims for relief.

The IJ's finding rested on a misreading of the BNP's letter. In making the adverse-credibility finding, the IJ characterized the letter as stating that Alam-Bhuyan "was attacked once." *Id.* at 67. The letter, however, asserts that Alam-Bhuyan was "attacked . . . *severely once*," *id.* at 490 (emphasis added) – an assertion that is consistent with Alam-Bhuyan's testimony regarding his course of treatment following each attack. To be sure, the letter is silent as to the first attack. But that omission does not amount to a contradiction of Alam-Bhuyan's testimony, which the IJ acknowledged was independently corroborated by medical records. Indeed, we have cautioned against relying on third-party omissions that do not create an inconsistency. *See Hong Fei Gao*, 891 F.3d at 81 (holding that "where a

4

third party's omission creates no inconsistency with an applicant's own statements," the "applicant's failure to explain [the omission] is less probative of [his] credibility" (emphasis omitted)). Accordingly, the IJ's reliance on the purported discrepancy between Alam-Bhuyan's testimony and the BNP's letter does not support the adverse-credibility determination.

Nor was the adverse-credibility determination bolstered by the IJ's finding that Alam-Bhuyan could not explain the "discrepancy." Certified Admin. Record at 67. We have hesitated to fault a petitioner for being unable to explain why information may have been omitted by a third party, where, as here, the petitioner "was not in a position to know" why the third party omitted the information. *Singh v. Garland*, 6 F.4th 418, 429 (2d Cir. 2021). Therefore, while Alam-Bhuyan was asked to speculate about why the BNP's letter mentioned only one of the two attacks, his failure provide a satisfactory answer does not undermine his credibility, particularly in light of corroborating medical records that the IJ appears to have credited. Without more, we cannot say that the agency "provided specific, cogent reasons for the adverse credibility finding . . . [that] bear a legitimate nexus to the finding." *Hong Fei Gao*, 891 F.3d at 77 (internal quotation marks omitted).

5

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's

decision is **VACATED**, and the case is **REMANDED** for further proceedings.  All

pending motions and applications are **DENIED** and stays **VACATED**.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we grant Alam-Bhuyan's petition for review, we need not reach the BIA's ruling on the motion to remand.  *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.").